148 N.J. Super. 401 (1977)
372 A.2d 1115
IN THE MATTER OF THE ESTATE OF HAAKON I. ROMNES, DECEASED.
Superior Court of New Jersey, Appellate Division.
Argued January 25, 1977.
Decided March 10, 1977.
*402 Before Judges LYNCH, MILMED and ANTELL.
Mr. Robert D. Borteck argued the cause for appellant (Messrs. Pitney, Hardin & Kipp, attorneys; Mr. Donald B. Kipp of counsel).
Mr. Herbert K. Glickman, Deputy Attorney General argued the cause for respondent (Mr. William F. Hyland, Attorney General, attorney; Mr. Stephen Skillman, Assistant Attorney General of counsel).
PER CURIAM.
This is an appeal from an assessment of New Jersey Transfer Inheritance Tax and the examiner's findings of fact and law. The question presented is whether the federal income tax liability of decedent's widow on the proceeds of a pension provided by decedent's employer may be applied in reduction of the pension's "clear market value" within the meaning of N.J.S.A. 54:34-5. The plan under which the pension is to be paid is a noncontributory, "qualified" plan, the benefits of which are exempt from federal estate taxation under § 2039(c) of the Internal Revenue Code of 1954, as amended.
*403 The claimed reduction was disallowed by the Division of Taxation for the reason that the "decedent was not liable for the income tax on the pension plan for the taxable period in which his death occurred." As the Transfer Inheritance Tax Bureau indicated, the proceeds of the pension do not "represent income which was includable in the decedent's Federal Income Tax Return for the taxable period in which his death occurred under the pre-1942 Internal Revenue Code." Had it been includable, allowance for the federal income tax liability thereon would have been made in the valuation of decedent's annuity policy included in his estate pursuant to N.J.A.C. 18:26-8.10(d), since repealed. This regulation provided:
Where an asset reported in an estate or a taxable transfer to a beneficiary subjects the estate or beneficiary to an income tax liability by reason of income at death which under the pre-1942 Internal Revenue Code required that there be included in the income of a decedent for the taxable period in which his death occurred all the income accrued up to the date of his death, but which under the 1942 amendments to the Internal Revenue Code were not properly includible in computing the decedent's taxable income for the taxable year ending with the date of his death or for a previous taxable year under the method of accounting employed by the decedent, allowance may be made for the income tax liability less the proportionate amount of the Federal estate tax, if any, in determining the value of the asset or transfer. The claim for reduction must be accompanied by a statement showing the computation of the reduction claimed as pertaining to the income at death item. However, income at death which is determined to be "Income In Respect Of A Decedent" merely because it is "attributable" to the decedent's activities shall not be considered in the valuation of such an asset.
Under this regulation such tax liability is treated as a debt of decedent and the reduction is allowed on that basis. Although the taxpayer is not seeking a "deduction" as such, in applying the concept of "clear market value" it is relevant to note that N.J.S.A. 54:34-5 allows only "the following deductions and no others":
*404 a. Debts of the decedent owing at the date of death * * *
b. Funeral and last illness expenses.
c. Administration expenses; fees of executors and attorneys.
d. Proportion of State, County and local taxes.
e. Transfer taxes paid or payable to other states or territories or the District of Columbia or foreign countries.
The regulation was therefore fully consistent with the legislative policy expressed by the statute. Obviously, the income taxes which the decedent's widow will be required to pay on the annuity as it is received cannot be treated as a debt of decedent any more than can income taxes chargeable to any recipient of income from property of which he is the transferee by inheritance.
The taxpayer's argument that the regulation is deficient on equal protection grounds does not prevail. It was obviously adopted to allow for cases arising under § 691 of the Internal Revenue Code, 1954, pursuant to which all items of income in respect of a decedent which are not properly includable in a return for a period up to the date of death is included in the gross income for the taxable year when received, of the person who acquires the right to receive the amount. In differentiating, for purposes of allowing a reduction in market value, between the income tax liability of decedent and that of the beneficiary the classifications rest upon a rational basis. We perceive no invidious discrimination. See Taxpayer's Ass'n of Weymouth Tp. v. Weymouth Tp., 71 N.J. 249, 280-283, 364 A.2d 1016 (1976); Kenny v. Byrne, 144 N.J. Super. 243, 257-258, 365 A.2d 211 (App. Div. 1976).
Plaintiff's contention that N.J.A.C. 18:26-8.10(d) is "constitutionally void for vagueness" is clearly without merit. R. 2:11-3(e) (1) (E). Although it might have been more clearly articulated, it is expressed with sufficient clarity to withstand attack.
Affirmed.